TREG R. TAYLOR ATTORNEY
GENERAL

Mary Hunter Gramling (Alaska Bar No. 1011078)
Senior Assistant Attorney General
Alaska Department of Law
P.O. Box 110300 Juneau,
AK 99811-0300
Telephone: (907) 465-3600
Facsimile: (907) 465-2417
Email: mary.gramling@alaska.gov

Attorney for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORGANIZED VILLAGE OF KAKE, *et al.*, <br><br> Plaintiff(s), <br><br> v. <br><br> KEVIN SHEA, in his official capacity as Acting Secretary of Agriculture, *et al.*, <br><br> Defendant(s). <br><br> and <br><br> STATE OF ALASKA, <br><br>     Intervenor-Defendant | Case No.: 2020-cv-00011-SLG <br><br><br><br><br><br><br><br><br><br><br><br>**STATE OF ALASKA'S ANSWER TO COMPLAINT** |

The State of Alaska (State), responds to Plaintiffs' Complaint for Declaratory and

Injunctive Relief (Doc. No. 1) as follows:

**INTRODUCTION**

1. Paragraph 1 consists of a summary of the claims and assertions of

Plaintiffs' Complaint, which are responded to below and to which no separate response is

required. To the extent that a response is deemed necessary, the State denies every allegation not specifically admitted below.

2. The State denies the allegations in Paragraph 2.

3. The State denies the allegations in Paragraph 3.

4. Paragraph 4 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

5. The State denies the allegations in Paragraph 5.

6. The State denies the allegations in Paragraph 6.

7. Paragraph 7 consists of a summary of the prayers for relief and parties of Plaintiffs' Complaint, which are responded to below and to which no separate response is required. To the extent that a response is deemed necessary, the State denies every allegation not specifically admitted below.

## JURISDICTION, RIGHT OF ACTION, AND VENUE

8. Paragraph 8 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

9. Paragraph 9 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

## THE PARTIES

**The Plaintiffs**

10. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, denies the same.

*Organized Village of Kake et al. v. Shea et al.*     Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT     Page 2 of 18

Case 1:20-cv-00011-SLG    Document 21    Filed 03/16/21    Page 2 of 18

11. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies the same.

12. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, denies the same.

13. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 13 and, therefore, denies the same.

14. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 14 and, therefore, denies the same.

15. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, denies the same.

16. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 16 and, therefore, denies the same.

17. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, denies the same.

18. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, denies the same.

19. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, denies the same.

20. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, denies the same.

*Organized Village of Kake et al. v. Shea et al.*  Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT   Page 3 of 18

Case 1:20-cv-00011-SLG   Document 21   Filed 03/16/21   Page 3 of 18

21. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, denies the same.

22. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, denies the same.

23. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 23 and, therefore, denies the same.

24. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 24 and, therefore, denies the same.

25. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 25 and, therefore, denies the same.

26. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 26 and, therefore, denies the same.

27. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, denies the same.

28. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 28 and, therefore, denies the same.

29. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 29 and, therefore, denies the same.

30. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, denies the same.

*Organized Village of Kake et al. v. Shea et al.*  Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT    Page 4 of 18
Case 1:20-cv-00011-SLG   Document 21   Filed 03/16/21   Page 4 of 18

31. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 31 and, therefore, denies the same.

32. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 32 and, therefore, denies the same.

33. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 33 and, therefore, denies the same. Paragraph 33 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

34. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 34 and, therefore, denies the same. Paragraph 34 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

**The Defendants**

35. The State admits the allegations in Paragraph 35.

36. The State admits the allegations in Paragraph 36.

37. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 37 and, therefore, denies the same.

38. The State admits the allegations in Paragraph 38.

*Organized Village of Kake et al. v. Shea et al.*     Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT     Page 5 of 18

Case 1:20-cv-00011-SLG    Document 21    Filed 03/16/21    Page 5 of 18

## FACTUAL BACKGROUND

**The Tongass National Forest**

39. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 39 and, therefore, denies the same.

40. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 40 and, therefore, denies the same.

41. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 41 and, therefore, denies the same.

42. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 42 and, therefore, denies the same.

43. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 43 and, therefore, denies the same.

44. The State denies the allegations in Paragraph 44.

45. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 45 and, therefore, denies the same.

46. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 46 and, therefore, denies the same.

47. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 47 and, therefore, denies the same.

48. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 48 and, therefore, denies the same.

*Organized Village of Kake et al. v. Shea et al.*  Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT  Page 6 of 18

Case 1:20-cv-00011-SLG   Document 21   Filed 03/16/21   Page 6 of 18

49. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 49 and, therefore, denies the same.

50. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 50 and, therefore, denies the same.

51. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 51 and, therefore, denies the same.

52. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 52 and, therefore, denies the same.

53. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 53 and, therefore, denies the same.

54. Paragraph 54 purports to characterize provisions of the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 54 not consistent therewith.

**The Roadless Rule and the 2016 Tongass Plan**

55. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 55 and, therefore, denies the same.

56. Paragraph 56 purports to characterize provisions of the DEIS for the Roadless Rule, FEIS for the Roadless Rule, and comments for the Roadless Rule which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 56 not consistent therewith.

*Organized Village of Kake et al. v. Shea et al.*  Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT — Page 7 of 18

Case 1:20-cv-00011-SLG   Document 21   Filed 03/16/21   Page 7 of 18

57. Paragraph 57 purports to characterize and quote from provisions of the Federal Register, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 57 not consistent therewith. The State denies the last sentence of Paragraph 57.

58. The State denies the allegations in Paragraph 58.

59. Paragraph 59 purports to characterize provisions of the Federal Register and a court case, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 59 not consistent therewith.

60. Paragraph 60 purports to characterize and quote provisions of the Tongass Plan ROD, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 60 not consistent therewith.

61. Paragraph 61 purports to characterize provisions of the Tongass Forest Plan, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 61 not consistent therewith. Paragraph 61 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

62. Paragraph 62 purports to characterize provisions of the Tongass Forest Plan, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 62 not consistent therewith.

63. The State has insufficient information to form a belief as to the truth of the

*Organized Village of Kake et al. v. Shea et al.*     Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT     Page 8 of 18

Case 1:20-cv-00011-SLG    Document 21    Filed 03/16/21    Page 8 of 18

allegations of Paragraph 63 and, therefore, denies the same.

64. Paragraph 64 purports to characterize and quote provisions of the Tongass Forest Plan FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 64 not consistent therewith.

65. Paragraph 65 purports to characterize provisions of the Tongass Forest Plan, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 65 not consistent therewith. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 65 and, therefore, denies the same.

66. Paragraph 66 purports to characterize provisions of the Federal Register, a court case, and the Tongass Forest Plan, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 66 not consistent therewith.

67. Paragraph 67 purports to characterize provisions of the State's Petition, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 67 not consistent therewith.

68. Paragraph 68 purports to characterize provisions of the DEIS for the 2020 Tongass Exemption Rule, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 68 not consistent therewith.

69. The State admits the allegations in Paragraph 69.

*Organized Village of Kake et al. v. Shea et al.*    Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT    Page 9 of 18

Case 1:20-cv-00011-SLG    Document 21    Filed 03/16/21    Page 9 of 18

70. Paragraph 70 purports to characterize provisions of the Forest Service Grant and Inspection Report, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 70 not consistent therewith. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 70 and, therefore, denies the same.

71. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 71 and, therefore, denies the same.

72. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 72 and, therefore, denies the same.

73. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 73 and, therefore, denies the same.

74. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 74 and, therefore, denies the same.

75. Paragraph 75 purports to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 75 not consistent therewith.

76. Paragraph 76 purports to characterize provisions of the FEIS and DEIS which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 76 not consistent therewith. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 76 and, therefore, denies the same.

*Organized Village of Kake et al. v. Shea et al.* Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT Page 10 of 18

Case 1:20-cv-00011-SLG   Document 21   Filed 03/16/21   Page 10 of 18

77. The State denies the allegations in Paragraph 77.

78. Paragraph 78 purports to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 78 not consistent therewith.

79. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 79 and, therefore, denies the same.

80. Paragraph 80 purports to characterize provisions of the Federal Register, which speaks for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 80 not consistent therewith.

81. The State denies the allegations in Paragraph 81.

## CLAIMS FOR RELIEF

## COUNT I
### (Violation of ANILCA)

82. The State incorporates by reference its responses to all preceding paragraphs.

83. Paragraph 83 purports to characterize and quote provisions of ANILCA, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 83 not consistent therewith.

84. Paragraph 84 purports to characterize and quote provisions of ANILCA, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 84 not consistent therewith.

*Organized Village of Kake et al. v. Shea et al.*  Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT Page 11 of 18

Case 1:20-cv-00011-SLG   Document 21   Filed 03/16/21   Page 11 of 18

85. Paragraph 85 purports to characterize and quote provisions of ANILCA, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 85 not consistent therewith.

86. Paragraph 86 purports to characterize and quote provisions of ANILCA, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 86 not consistent therewith.

87. Paragraph 87 purports to characterize provisions of ANILCA, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 87 not consistent therewith.

88. Paragraph 88 purports to characterize and quote provisions of ANILCA, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 88 not consistent therewith.

89. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 89 and, therefore, denies the same.

90. Paragraph 90 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 90 and, therefore, denies the same.

91. Paragraph 91 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

*Organized Village of Kake et al. v. Shea et al.*     Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT     Page 12 of 18

Case 1:20-cv-00011-SLG    Document 21    Filed 03/16/21    Page 12 of 18

92. Paragraph 92 purports to characterize and quote provisions of the ROD, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 92 not consistent therewith.

93. The State denies the allegations in Paragraph 93.

94. Paragraph 94 purports to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 94 not consistent therewith.

95. The State denies the allegations in Paragraph 95.

96. The State denies the allegations in Paragraph 96.

97. The State denies the allegations in Paragraph 97.

## COUNT II
### (Arbitrary and capricious decisionmaking)

98. The State incorporates by reference its responses to all preceding paragraphs.

99. Paragraph 99 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

100. The State denies the allegations in Paragraph 100. If "amending the Roadless Rule" refers to the 2020 Tongass Exemption Rule, the State avers that the 2020 Tongass Exemption Rule complies with any applicable law.

101. Paragraph 101 purports to characterize and quote provisions of the ROD, which speak for themselves and are the best evidence of their contents; as such, the State

*Organized Village of Kake et al. v. Shea et al.*  Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT  Page 13 of 18

Case 1:20-cv-00011-SLG   Document 21   Filed 03/16/21   Page 13 of 18

denies every allegation in Paragraph 101 not consistent therewith. The State denies the last sentence of Paragraph 101.

102. Paragraph 102 purports to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 102 not consistent therewith.

103. The State denies the allegations in Paragraph 103.

104. Paragraph 104 purports to characterize and quote provisions of the FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 104 not consistent therewith.

105. Paragraph 105 purports to characterize and quote provisions of the regulations, the Federal Register, and FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 105 not consistent therewith. The State denies any remaining allegations in Paragraph 105.

106. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 106 and, therefore, denies the same.

107. The State denies the allegations in Paragraph 107.

108. The State denies the allegations in Paragraph 108.

## COUNT III
**(Failure to Consider a Range of Reasonable Alternatives)**

109. The State incorporates by reference its responses to all preceding paragraphs.

*Organized Village of Kake et al. v. Shea et al.*  Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT                                                                    Page 14 of 18

Case 1:20-cv-00011-SLG   Document 21   Filed 03/16/21   Page 14 of 18

110. Paragraph 110 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

111. Paragraph 111 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

112. Paragraph 112 purports to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 112 not consistent therewith.

113. The State denies the allegations in Paragraph 113.

114. The State denies the allegations in Paragraph 114.

115. The State denies the allegations in Paragraph 115.

116. The State denies the allegations in Paragraph 116.

## COUNT IV
### (Arbitrary analysis of effects)

117. The State incorporates by reference its responses to all preceding paragraphs.

118. Paragraph 118 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

119. Paragraph 119 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

120. The State denies the allegations in Paragraph 120.

121. The State denies the allegations in Paragraph 121.

*Organized Village of Kake et al. v. Shea et al.*     Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT     Page 15 of 18

Case 1:20-cv-00011-SLG    Document 21    Filed 03/16/21    Page 15 of 18

122. The State denies the allegations in Paragraph 122.

123. The State denies the allegations in Paragraph 123.

124. The State denies the allegations in Paragraph 124.

125. The State denies the allegations in Paragraph 125.

126. The State denies the allegations in Paragraph 126.

## PLAINTIFFS' PRAYER OF RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' prayer for relief, to which no response is required. Insofar as a response is required, the State denies that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

The State hereby denies all allegations, whether express or implied, including any allegations reflected in section heading, in Plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs may lack standing to assert the causes of action contained in Plaintiffs' Complaint.

3. Plaintiffs' Complaint may be barred one or more of the Plaintiffs' failure to exhaust administrative remedies.

4. The State reserves the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings.

*Organized Village of Kake et al. v. Shea et al.*  Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT    Page 16 of 18

Case 1:20-cv-00011-SLG   Document 21   Filed 03/16/21   Page 16 of 18

**PRAYER FOR RELIEF**

Wherefore, the State prays for judgment and relief as follows:

1. That the Complaint be dismissed with prejudice on all claims asserted against all Defendants;

2. That the State be awarded all attorney's fees and costs allowed by law;

3. That the State be awarded such other relief as the Court may deem just and proper.

DATED: March 16, 2021.

TREG R. TAYLOR
ATTORNEY GENERAL

By: /s/ Mary Hunter Gramling
Mary Hunter Gramling
Assistant Attorney General
Alaska Bar No. 10101078
Department of Law
P.O. Box 110300
Juneau, AK 99811-0300
Telephone: (907) 465-3600
Facsimile: (907) 465-2417
Email: mary.gramling@alaska.gov
Attorney for the State of Alaska

*Organized Village of Kake et al. v. Shea et al.*   Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT   Page 17 of 18

Case 1:20-cv-00011-SLG   Document 21   Filed 03/16/21   Page 17 of 18

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2021, a copy of the foregoing was served on all registered parties via the CM/ECF electronic distribution system.

>	*/s/ Mary Hunter Gramling*
>	Mary Hunter Gramling
>	Assistant Attorney General
>	Attorney for the State of Alaska

*Organized Village of Kake et al. v. Shea et al.*     Case No.: 2020-cv-00011-SLG
STATE OF ALASKA'S ANSWER TO
COMPLAINT     Page 18 of 18

Case 1:20-cv-00011-SLG   Document 21   Filed 03/16/21   Page 18 of 18