James F. Clark, Alaska Bar #6907025
Law Office of James F. Clark
1109 C Street
Juneau, Alaska 99801
Tel: 907-586-0122 Fax: 907-586-1093
jfclarkiii@gmail.com

Steven W. Silver, Alaska Bar #7606089
Robertson, Monagle & Eastaugh
1810 Samuel Morse Drive, Suite 202
Reston, VA 20190
Tel: 703-527-4414 Fax: 703-527-0421
ssilver628@aol.com
Attorneys for Intervenor-Defendants Murkowski et.al

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORGANIZED VILLAGE OF KAKE, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> THOMAS VILSACK, in his official capacity as Secretary of Agriculture, *etal.,* <br><br> Defendants, <br> and <br> STATE OF ALASKA <br> Intervenor-Defendants <br> and <br><br> GOVERNOR FRANK H. MURKOWSKI, *et al.,* <br><br> Intervenor-Defendants | Case No. 1:20-cv-00011 – (SLG) |

Intervenor-Defendants Murkowski. et.al answer the allegations of Plaintiffs'

Complaint for Declaratory and Injunctive Relief as follows:

1.     The allegations of Paragraph 1 describe Plaintiffs' characterization of their lawsuit and allegations of law to which no response is required.

2.     Intervenor-Defendants admit that the Tongass Forest contains specific species of animals and that the Forest has been home to the Tlingit people for decades. Otherwise, the allegations of the second paragraph are denied.

3.     The allegations of Paragraph 3 are denied other than that the Tongass is made up of some islands as well as mainland lands.

4.     The allegations in Paragraph 4, sentences 1 and 2 are admitted.   The allegations in the remaining sentences of Paragraph 4 are denied.

5.     The allegations in Paragraph 5, sentence 1 are admitted.  The allegation that Defendants undertook a rulemaking and adopted a Rule are admitted. The remaining allegations in the Paragraph are denied.

6.     The allegations in sentences 1, 2,  3 and 5  of Paragraph 6 are denied. The allegation in sentence 4 states a conclusion of law to which no reply is required.

7.     The allegations of the first sentence of paragraph 7 are denied. Intervenor-Defendants are not able to verify the factual allegations in this Paragraph and thus they are denied.  The allegations in the second sentence of Paragraph 7 state conclusions of law to which no reply is required.

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. USDA et al. No. 1:20-cv-00011-SLG
Case 1:20-cv-00011-SLG   Document 26   Filed 04/21/21   Page 2 of 23

## JURISDICTION

8.     The allegations in Paragraph 8 constitute conclusions of law to which no response is required.

9.     The allegations in Paragraph 9 constitute conclusions of law to which no response is required.

## PARTIES

10.     Intervenor-Defendants deny the allegations in Paragraph 10. for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11.     Intervenor-Defendants deny the allegations in Paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12.     Intervenor-Defendants deny the allegations in Paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13.     Intervenor-Defendants deny the allegations in Paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14.     Intervenor-Defendants deny the allegations in Paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15.     Intervenor-Defendants deny the allegations in Paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16.     Intervenor-Defendants deny the allegations in Paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. State of Alaska, No. 1:20-cv-00011-SLG
Case 1:20-cv-00011-SLG   Document 26   Filed 04/21/21   Page 3 of 23

17.     Intervenor-Defendants deny the allegations in Paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18.     Intervenor-Defendants deny the allegations in Paragraph 18 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     Intervenor-Defendants deny the allegations in Paragraph 19 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20.     Intervenor-Defendants deny the allegations in Paragraph 20 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21.     Intervenor-Defendants deny the allegations in Paragraph 21 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22.     Intervenor-Defendants deny the allegations in Paragraph 22 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

23.     Intervenor-Defendants deny the allegations in Paragraph 23 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24.     Intervenor-Defendants deny the allegations in Paragraph 24 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25.     Intervenor-Defendants deny the allegations in Paragraph 25 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26.     Intervenor-Defendants deny the allegations in Paragraph 26 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. State of Alaska, No. 1:20-cv-00011-SLG
Case 1:20-cv-00011-SLG   Document 26   Filed 04/21/21   Page 4 of 23

27.     Intervenor-Defendants deny the allegations in Paragraph 27 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28.     Intervenor-Defendants deny the allegations in Paragraph 28 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29.     Intervenor-Defendants deny the allegations in Paragraph 29 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30.     Intervenor-Defendants deny the allegations in Paragraph 30 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     Intervenor-Defendants deny the allegations in Paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.     Intervenor-Defendants deny the allegations in Paragraph 32 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     Intervenor-Defendants deny the allegations in Paragraph 33 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

34.     Intervenor-Defendants deny the allegations in Paragraph 34 for lack of knowledge or information sufficient to form a belief as to the truth thereof,

35.     Intervenor-Defendants admit the allegation in Paragraph 35.

36.     Intervenor-Defendants admit the allegations in Paragraph 36.

37.     Intervenor-Defendants admit the allegations in Paragraph 37.

38.     Intervenor-Defendants admit the allegations in Paragraph 38.

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. State of Alaska et al. Case No. 1:20-cv-00011-SLG

Case 1:20-cv-00011-SLG   Document 26   Filed 04/21/21   Page 5 of 23

39.     Intervenor-Defendants admit that the Tongass is a national forest in Alaska and deny any remaining allegations in Paragraph 39 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40.     Intervenor-Defendants deny the allegations in Paragraph 40 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

41.     Intervenor-Defendants deny the allegations in Paragraph 41 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

42.     Intervenor-Defendants deny the allegations in Paragraph 42 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.     Intervenor-Defendants deny the allegations in Paragraph 43.

44.     Intervenor-Defendants deny the allegations in Paragraph 44.

45.     Intervenor-Defendants deny the allegations in Paragraph 45 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.     Intervenor-Defendants deny the allegations in Paragraph 46 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47.     Intervenor-Defendants deny the allegations in Paragraph 47 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

48.     Intervenor-Defendants deny the allegations in Paragraph 48 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. USDA et al., No. 20-cv-00011-SLG
Case 1:20-cv-00011-SLG   Document 26   Filed 04/21/21   Page 6 of 23

49.     Intervenor-Defendants deny the allegations in Paragraph 49 for lack of knowledge or  information sufficient to form a belief as to the truth thereof.

50.     Intervenor-Defendants deny the allegations in Paragraph 50 for lack of knowledge or  information sufficient to form a belief as to the truth thereof.

51.     Intervenor-Defendants deny the allegations in Paragraph 51 for lack of knowledge or  information sufficient to form a belief as to the truth thereof.

52.     Intervenor-Defendants deny the allegations in Paragraph 52 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

53.      Intervenor-Defendants deny the allegations in Paragraph 53 for lack of knowledge or  information sufficient to form a belief as to the truth thereof.

53.     Intervenor-Defendants deny the allegations in Paragraph 54 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

54.     Intervenor-Defendants deny the allegations in Paragraph 55 for lack of knowledge or  information sufficient to form a belief as to the truth thereof.

**The Roadless Rule and the 2016 Tongass Plan**

55.     To the extent that the allegations in Paragraph 56 purport to characterize provisions of the DEIS, the DEIS speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. USDA et al. No. 1:20-cv-00011-SLG
Case 1:20-cv-00011-SLG   Document 26   Filed 04/21/21   Page 7 of 23

Paragraph 56 that are inconsistent with the plain language of the Final EIS are denied.

56. Intervenor-Defendants admit that the US forest Service adopted a Roadless Rule,. To the extent that the allegations in Paragraph 56 purport to characterize provisions of the Roadless Rule, the Roadless Rule speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 56 that are inconsistent with the plain language of the Final EIS are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 56 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

57. To the extent that the allegations in Paragraph 57 purport to characterize provisions of the Roadless Rule, the Roadless Rule speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 57 that are inconsistent with the plain language of the Roadless Rule are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 57 for lack of knowledge or information sufficient to form a belief as to the truth thereof. State denies.

58. To the extent that the allegations in Paragraph 58 purport to characterize provisions of the Roadless Rule, the Roadless Rule speaks for itself and is the best evidence of its content. Therefore, no response is required. Any

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. U.S.D.A., No. 20-cv-00011-SLG
Case 1:20-cv-00011-SLG   Document 26   Filed 04/21/21   Page 8 of 23

allegations in Paragraph 58 that are inconsistent with the plain language of the Roadless Rule are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 58 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

59.     Intervenor-Defendants admit the allegations in the first sentence of Paragraph 59. To the extent that the allegations in Paragraph 59 purport to characterize provisions of the Tongass Plan, the Tongass Plan speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 59 that are inconsistent with the plain language of the Tongass Plan are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 59 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

60.     To the extent that the allegations in Paragraph 60 purport to characterize provisions of the Tongass Plan, the Tongass Plan speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 60 that are inconsistent with the plain language of the Tongass Plan are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 60 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. USDA et al., No. 20-cv-00011-SLG
Case 1:20-cv-00011-SLG   Document 26   Filed 04/21/21   Page 9 of 23

61.     To the extent that the allegations in Paragraph 61 purport to characterize provisions of the Tongass Plan, the Tongass Plan speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 61 that are inconsistent with the plain language of the Tongass Plan are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 61 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62.     Intervenor-Defendants deny the allegations in Paragraph 62 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

63.     To the extent that the allegations in Paragraph 63 purport to characterize provisions of the Roadless Rule or the Tongass Plan, the Roadless Rule and the Tongass Plan speaks for themselves and are the best evidence of their content. Therefore, no response is required. Any allegations in Paragraph 63 that are inconsistent with the plain language of the Roadless Rule and the Tongass Plan are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 63 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

64.     To the extent that the allegations in Paragraph 64 purport to characterize provisions of the Tongass Plan, the Tongass Plan speaks for itself and is the best evidence of its content. Therefore, no response is required. Any

allegations in Paragraph 64 that are inconsistent with the plain language of the Tongass Plan are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 64 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

65.     To the extent that the allegations in Paragraph 65 purport to characterize provisions of the Tongass Plan, the Tongass Plan speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 65 that are inconsistent with the plain language of the Tongass Plan are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 65 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

66.     To the extent that the allegations in Paragraph 66 purport to characterize provisions of the Tongass Plan, the Tongass Plan speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 66 that are inconsistent with the plain language of the State Petition are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 66 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.     Intervenor-Defendants admit the allegations in Paragraph 67. To the extent that the allegations in Paragraph 67 purport to characterize

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. USDA, Case No. 1:20-cv-00011-SLG (SID)
Case 1:20-cv-00011-SLG   Document 26   Filed 04/21/21   Page 11 of 23

provisions of the State of Alaska petition,, the State Petition speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 67 that are inconsistent with the plain language of the State Petition are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 67 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

68. Intervenor-Defendants admit the first sentence of Paragraph 68 and deny the allegations in the remainder of the Paragraph. Intervenor-Defendants deny the allegation in Paragraph 68 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

69. Intervenor-Defendants deny the allegations in Paragraph 69 for lack of knowledge or information sufficient to form a belief as to the truth thereof

70. Intervenor-Defendants admit the allegations in the first paragraph of Paragraph 70 and deny rest of the allegations in the Paragraph.

71. To the extent that the allegations in Paragraph 71 purport to characterize provisions of the DEIS and FEIS, the DEIS and FEIS speak for themselves and are the best evidence of their content. Therefore, no response is required. Any allegations in Paragraph 71 that are inconsistent with the plain language of the DEIS and FEISs are denied. Intervenor-Defendants deny any

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. BLM, Case No. 3:20-cv-00011-SLG (SLG)

Case 3:20-cv-00011-SLG Document 26 Filed 04/21/21 Page 12 of 23

remaining allegations in Paragraph 71 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

72.     Intervenor-Defendants deny the allegations in Paragraph 72 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

73.     Intervenor-Defendants deny the allegations in Paragraph 73 for lack of knowledge or information sufficient to form a belief as to the truth thereof

74.     To the extent that the allegations in Paragraph 74 purport to characterize provisions of the FEIS, the FEIS speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 74 that are inconsistent with the plain language of the FEIS, are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 74 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

75.     To the extent that the allegations in Paragraph 75 purport to characterize provisions of the FEIS, the FEIS speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 75 that are inconsistent with the plain language of the FEIS, are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 75 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

76.     Intervenor-Defendants deny the allegations in Paragraph 76.

77.     Intervenor-Defendants deny the allegations in Paragraph 77.

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. Bernhardt, No. 1:20-cv-00012-SLG (SLG)

Case 1:20-cv-00012-SLG   Document 26   Filed 04/21/21   Page 13 of 23

78. To the extent that the allegations in Paragraph 78 purport to characterize provisions of the FEIS, the FEIS speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 78 that are inconsistent with the plain language of the FEIS, are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 78 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

79. Intervenor-Defendants deny the allegations in Paragraph 79 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

80. To the extent that the allegations in Paragraph 80 purport to characterize provisions of the final rule, the final rule speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 80 that are inconsistent with the plain language of the final rule, are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 80 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

81. Intervenor-Defendants deny the allegations in Paragraph 81.

## Count I
## (Violation of ANILCA)

82. Intervenor-Defendants incorporate by reference their responses to Paragraphs 1-81 as if restated fully herein.

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. BLM, 3:20-cv-00011-SLG (SF5)
Case 3:20-cv-00011-SLG Document 26 Filed 04/21/21 Page 14 of 23

83.    To the extent that the allegations in Paragraph 83 purport to characterize provisions of the ANILCA, ANILCA speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 83 that are inconsistent with the plain language of the final rule, are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 83 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

84.    To the extent that the allegations in Paragraph 84 purport to characterize provisions of the ANILCA, ANILCA speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 84 that are inconsistent with the plain language of the final rule, are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 84 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

85.    To the extent that the allegations in Paragraph 85 purport to characterize provisions of the ANILCA, ANILCA speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 85 that are inconsistent with the plain language of the final rule, are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 85 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

86.    To the extent that the allegations in Paragraph 86 purport to characterize provisions of the ANILCA, ANILCA speaks for itself and is the best

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. Bernhardt, Case No. 3:20-cv-00121-SLG (SLG)

Case 4:20-cv-00121-SLG  Document 26   Filed 04/21/21   Page 15 of 23

evidence of its content. Therefore, no response is required. Any allegations in Paragraph 86 that are inconsistent with the plain language of the final rule, are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 86 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

87. To the extent that the allegations in Paragraph 87 purport to characterize provisions of the ANILCA, ANILCA speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 87 that are inconsistent with the plain language of the final rule, are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 87 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

88. To the extent that the allegations in Paragraph 88 purport to characterize provisions of the ANILCA, ANILCA speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 88 that are inconsistent with the plain language of the final rule, are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 88 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

89. Intervenor-Defendants admit the allegations in Paragraph 89.

90. Paragraph 90 asserts legal conclusions to which no response is required; Intervenor-Defendants deny any remaining allegations in Paragraph 90

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. USDA, Case No. 3:20-cv-00121-SLG (SLG)
Case 3:20-cv-00121-SLG   Document 26   Filed 04/21/21   Page 16 of 23

for lack of knowledge or information sufficient to form a belief as to the truth thereof.

91.    Paragraph 91 asserts a legal conclusion to which no response is required.

92.    The allegations in Paragraph 92 state a conclusion of law to which no response is required.

93.    The allegations in Paragraph 93 states a conclusion of law to which no response is required.

94.    To the extent that the allegations in Paragraph 94 purport to characterize provisions of the ROD, the ROD   speaks for itself and is the best evidence of its content. Therefore, no response is required. Any allegations in Paragraph 94 that are inconsistent with the plain language of the final rule, are denied. Intervenor-Defendants deny any remaining allegations in Paragraph 94 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

95.    The allegations in Paragraph 95 state a conclusion of law to which no response is required.

96.    The allegations in Paragraph 96 state a conclusion of law to which no response is required.

97.    The allegations in Paragraph 97 state a conclusion of law to which no response is required.

## COUNT II
### (Arbitrary and capricious decision making)

98.    Intervenor-Defendants incorporate by reference their responses to Paragraphs 1-98 as if restated fully herein.

99.    The allegations in Paragraph 99 state a conclusion of law to which no response is required.

100.    The allegations in Paragraph 100 state a conclusion of law to which no response is required.

101.    The allegations in Paragraph 101 state a conclusion of law to which no response is required.

102.    Intervenor-Defendants deny the allegations in the first sentence  of Paragraph 102.  The remaining allegations are statements from the EIS to which no response is required.

103.    Intervenor-Defendants deny the allegations in Paragraph 103.

104.    Intervenor-Defendants deny the allegations in Paragraph 104.

105.    Intervenor-Defendants deny the allegations in Paragraph 105.

106.    Intervenor-Defendants deny the allegations in Paragraph 106.

107.    Intervenor-Defendants deny the allegations in Paragraph 107.

108.    Intervenor-Defendants deny the allegations in Paragraph 108.

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. BLM, Case No. 3:20-cv-00132-SLG (SLG)

Case 1:20-cv-00012-SLG   Document 26   Filed 04/21/21   Page 18 of 23

## COUNT III
## (Failure to Consider a Range of Reasonable Alternatives)

109.   Plaintiffs incorporate by reference all preceding paragraphs as if restated fully herein.

110.   The allegations in Paragraph 110 state a conclusion of law to which no response is required.

111.   The allegations in Paragraph 111 state a conclusion of law to which no response is required.

112.   The allegations in Paragraph 112 purport to state a conclusion of law to which no response is required.

113.   The allegations in Paragraph 113 characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents; as such, Intervenor-Defendants deny every allegation in Paragraph 113 not consistent therewith. to which no response is required.

114.   Intervenor-Defendants deny the allegations in Paragraph 114.

115.   Intervenor-Defendants deny the allegations in Paragraph 115.

116.   Intervenor-Defendants deny the allegations in Paragraph 116.

## COUNT IV
## (Arbitrary analysis of effects)

19

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. CASE A:20-cv-00012-SLG (SLG) document 26   Filed 04/21/21   Page 19 of 23

117.   Plaintiffs incorporate by reference all preceding paragraphs as if restated fully herein. .

118.   The allegations in Paragraph 118 state a conclusion of law to which no response is required.

119.   The allegations in Paragraph 119 state a conclusion of law to which no response is required.

120.   Intervenor-Defendants deny the allegations in Paragraph 120.

121.   Intervenor-Defendants deny the allegations in Paragraph 121.

122.   Intervenor-Defendants deny the allegations in Paragraph 122.

123.   Intervenor-Defendants deny the allegations in Paragraph 123.

124.   Intervenor-Defendants deny the allegations in Paragraph 124.

125.   Intervenor-Defendants deny the allegations in Paragraph 125.

126.   Intervenor-Defendants deny the allegations in Paragraph 126.

.

## PLAINTIFFS' PRAYER FOR RELIEF

The remaining paragraphs constitute Plaintiffs' requests for relief to which no response is required. To the extent a response may be deemed to be required, Intervenor-Defendants deny that Plaintiffs are entitled to the relief requested in their Complaint, or to any relief whatsoever.

## GENERAL DENIAL

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. SBA, Case No. 1:20-cv-00121-SLG (SLG)
Case 1:20-cv-00121-SLG   Document 26   Filed 04/21/21   Page 20 of 23

The Intervenor-Defendants deny each and every allegation of Plaintiffs' complaint not otherwise expressly admitted, qualified, or denied herein. To the extent that any allegations in Plaintiffs' Complaint remain unanswered, the Intervenor-Defendants deny those allegations.

## AFFIRMATIVE DEFENSES

A.    First Defense.

Plaintiffs have failed to state a claim upon which relief can be granted.

B.    Second Defense.

Injunctive relief is not appropriate because Plaintiffs have an adequate remedy at law.

C.    Third Defense.

The noncompliance complained of by the Plaintiffs is de minimis or borderline and does not warrant the relief requested.

D.    Fourth Defense.

The injunctive relief requested in the Prayer for Relief is not appropriate.

E.    Fifth Defense.

The issuance of the ROD for the Roadless Rule was in accordance with law and within the proper exercise of the Forest Service's authority.

F.    Sixth Defense

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. USDA. Case No. 20-cv-00011-SLG (SLG)
Case 1:20-cv-00011-SLG   Document 26   Filed 04/21/21   Page 21 of 23

Plaintiffs may lack standing to assert the causes of action contained in Plaintiffs' Complaint.

G.     Seventh Defense

Plaintiffs' Complaint may be barred one or more of the Plaintiffs' failures to exhaust administrative remedies.

H.     Eighth Defense

Movants reserve the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings.

**WHEREFORE**, having fully answered, Intervenor-Defendants respectfully request that the Court enter judgment against Plaintiffs as follows:

A.     Dismiss with prejudice all claims asserted against all defendants in the complaint.

B.     Award to Intervenor-Defendants all attorneys' fees, expert fees and costs allowed by law; and

C.     Award Intervenor-Defendants such other relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** April 21, 2021.

*/s/ James F. Clark*
James F. Clark, Alaska Bar #6907025
Law Office of James F. Clark
1109 C Street
Juneau, Alaska 99801
Tel: 907-586-0122

22

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. State of Alaska 3:20-Cv-00012-SLG (SLG)
Case 3:20-cv-00012-SLG   Document 26   Filed 04/21/21   Page 22 of 23

Fax: 907-586-1093
jfclarkiii@gmail.com

*/s/ Steven W. Silver*
Steven W. Silver, Alaska Bar #7606089
Robertson, Monagle & Eastaugh
1810 Samuel Morse Drive, Suite 202
Reston, VA 20190
Tel: 703-527-4414 office
4414 Fax: 703 527-0421
ssilver628@aol.com

Attorneys for Intervenor-Defendants Murkowski. et. al.

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2021 I caused to be electronically filed the foregoing ANSWER with the Clerk of the Court for the United States District Court for Alaska, using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Steven W. Silver*

23

INTERVENOR-DEFENDANTS' MURKOWSKI et.at. ANSWER
OVK et al. v. SoA et al. Case No. 3:20-cv-00121-SLG (STD)

Case 3:20-cv-00121-SLG   Document 26   Filed 04/21/21   Page 23 of 23